# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ALEKSANDR UZUN,<br><br>Plaintiff,<br><br>-against-<br><br>ARRIS INTERNATIONAL, PLC, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BRUCE MCCLELLAND, BARTON Y. SHIGEMURA, ROBERT J. STANZIONE, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE,<br><br>Defendants. | Case No. 18-CV-05555-WMR |
| LOUISE AGNES-SAMPSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>ARRIS INTERNATIONAL, PLC, ROBERT J. STANZIONE, BRUCE MCCLELLAND, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BARTON Y. SHIGEMURA, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE,<br><br>Defendants. | Case No. 19-cv-00243-WMR |

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into by and between: (i) Aleksandr Uzun ("Uzun"), Louise Agnes-Sampson ("Agnes-Sampson," together with Uzun the "Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined herein); and (ii) Defendants Andrew S. Barron, J. Timothy Bryan, James A. Chiddix, Andrew T. Heller, Jeong Kim, Bruce McClelland, Barton Y. Shigemura, Robert J. Stanzione, Doreen A. Toben, Debora J. Wilson, and David A. Woodle ("Individual Defendants"), and ARRIS International, PLC (now merged into CommScope Holding Company, Inc. ("CommScope") and referred to herein as the former entity "ARRIS" and, together with the Individual Defendants, the "Defendants"), by and through their respective counsel (collectively, the "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein), subject to the terms and conditions hereof and the approval of the United States District Court for the Northern District of Georgia (the "Court").

## I. THE LITIGATION

On November 8, 2018, ARRIS, a holding company incorporated under the laws of England and Wales, and CommScope jointly announced that they had entered into a Bid Conduct Agreement (the "Acquisition Agreement"), pursuant to

which CommScope acquired ARRIS (the "Acquisition"). Under the terms of the Acquisition Agreement, CommScope acquired all of the issued and to-be-issued ordinary shares of ARRIS for $31.75 in cash per ordinary share (the "Acquisition Consideration"). On November 30, 2018, ARRIS filed a Schedule 14A Preliminary Proxy Statement (the "Preliminary Proxy") with the United States Securities and Exchange Commission (the "SEC").

Following the announcement of the Acquisition and filing of the Preliminary Proxy, the following complaints were filed challenging the Acquisition: (i) *Uzun v. ARRIS International plc, et al.*, Case No. 1:18-cv-05555, in the United States District Court for the Northern District of Georgia (the "*Uzun* Action"); and (ii) *Kent v. ARRIS International plc, et al.*, Case No. 1:18-cv-01960-MN, in the United States District Court for the District of Delaware (the "*Kent* Action"). The *Uzun* Action names as defendants ARRIS and each of the Individual Defendants. The *Uzun* Action alleges that the Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and the SEC's rules and regulations promulgated under Section 14(a), in connection with the Preliminary and/or Definitive Proxy. The *Uzun* Action seeks, among other things, to preliminarily and permanently enjoin the consummation of the Acquisition. The *Kent* Action was a

substantially similar second lawsuit brought as a putative class action which also named CommScope as a defendant.

On December 19, 2018, ARRIS filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC, recommending that ARRIS shareholders vote in favor of the Acquisition at a special shareholder meeting scheduled for February 1, 2019. Plaintiffs contend that additional information disclosed in the Proxy addressed certain claims in the *Uzun* Action concerning ARRIS's financial advisor's *Selected Publicly Traded Companies Analysis* and employment-related negotiations and communications in the Preliminary Proxy (the "Mooting Disclosures").

On December 26, 2018, Plaintiff Louise Agnes-Sampson filed the action captioned *Agnes-Sampson v. ARRIS International plc, et al.*, Case No. 19-cv-00243-WMR in the United States District Court for the Southern District of New York ("SDNY"), alleging that the Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and the SEC's rules and regulations promulgated under Section 14(a), in connection with the Proxy (the "*Agnes-Sampson* Action," and together with the *Uzun* Action, the "Actions"). The *Agnes-Sampson* Action also seeks, among other things, to preliminarily and permanently enjoin the consummation of the Acquisition. On December 27, 2018, Plaintiff Agnes-Sampson filed a Motion for Preliminary Injunction (the "PI Motion") in which she sought to enjoin the

shareholder vote on the Acquisition unless and until certain additional supplemental disclosures were made to ARRIS's shareholders.

On January 3, 2019, Plaintiff Agnes-Sampson filed a motion requesting that SDNY grant an order expediting discovery in connection with the PI Motion. On January 8, 2019, Defendants filed (i) a response in opposition to Plaintiff Agnes-Sampson's letter motion for expedited discovery, and (ii) a motion requesting that SDNY transfer the *Agnes-Sampson* Action to the United States District Court for the Northern District of Georgia. Subsequently, on January 9, 2019, counsel for Plaintiff Agnes-Sampson conferred with counsel for Defendants and stipulated to the transfer of the *Agnes-Sampson* Action to the United States District Court for the Northern District of Georgia. That same day, Defendants provided to counsel for Plaintiffs, on a confidential basis and pursuant to Rule 408 of the Federal Rules of Evidence, certain documents regarding the transaction in furtherance of a possible resolution of the Actions. On January 11, 2019, SDNY entered an order in the *Agnes-Sampson* Action transferring the case to this Court.

On January 18, 2019, after arm's-length discussions and negotiations concerning a possible resolution of the Actions, and after Plaintiffs' Counsel reviewed and considered the previously produced documents relating to the Acquisition and other matters, the Settling Parties entered into a Memorandum of

Understanding ("MOU") regarding settlement and the disclosure of additional information to ARRIS stockholders (the "Supplemental Disclosures") that Plaintiffs' Counsel believed would address any remaining disclosure claims asserted in the Actions. That same day, ARRIS filed a Form 8-K with the SEC containing the Supplemental Disclosures, a copy of which is attached as **Exhibit A** hereto. On January 23, 2019, Plaintiffs filed a notice of withdrawal of Plaintiff Agnes-Sampson's preliminary injunction and informed the Court of the proposed Settlement.

On February 1, 2019, at a special meeting of the stockholders of ARRIS, stockholders holding 99% of the outstanding shares of ARRIS voted to approve the Acquisition, among other things. On February 11, 2019, the *Kent* Action was voluntarily dismissed. On April 4, 2019, the Acquisition was completed pursuant to the Acquisition Agreement.

Plaintiffs represent that they each owned ARRIS stock at all relevant times and have not assigned, encumbered, or otherwise transferred, in whole or in part, the claims in the Actions.

## II. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF THE SETTLEMENT

Plaintiffs and their counsel believe that the claims asserted in the Actions have merit and entry into the Settlement is not an admission as to the lack of merit of any

claims asserted in the Actions. However, Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against Defendants through trial and through appeals. Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Actions.

Plaintiffs' Counsel have conducted a detailed review and analysis of the Preliminary and Definitive Proxies as well as other publicly available documents and other non-public documents produced by ARRIS. In addition to this public information and documents previously produced in connection with the Settlement, prior to execution of this Stipulation, Plaintiffs' Counsel took the depositions on March 19, 2019 of Mr. Bruce McClelland, the former Chief Executive Officer of ARRIS and a member of its board of directors, and of Mr. David Potts, the former Chief Financial Officer of ARRIS, and reviewed additional non-public documents produced by Defendants in connection with the Settlement.

As a result, Plaintiffs and their counsel have concluded that the additional disclosures provided by ARRIS mooted the claims asserted in the Actions,

eliminated any need for expedited or injunctive relief as sought in the Actions, and permitted ARRIS's stockholders to make a fully informed decision with respect to the Acquisition.

Based on their evaluation of public and non-public documents and, after consulting with their financial expert and completing confirmatory discovery, Plaintiffs' Counsel has concluded that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and that it is reasonable to pursue the Settlement based upon the terms and procedures outlined herein.

## III. DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants each have denied vigorously, and continue to deny vigorously, that he, she, or it committed any breach or violation of law, including the federal securities laws, or engaged in any of the wrongful acts alleged in the Actions, and deny that any additional disclosures (including the Supplemental Disclosures) were required under any applicable rule, regulation, statute, or law or are material as a matter of law. Each Defendant expressly maintains that he, she, or it diligently and scrupulously complied with his, her or its fiduciary and other legal duties, to the extent such duties exist, and is entering into this Stipulation solely to eliminate the burden, expense, and uncertainties inherent in further litigation and to resolve, settle, and terminate all claims that were or could have been asserted against Defendants in

connection with the Acquisition Agreement and the transactions contemplated thereby, including the Acquisition, and the Proxy.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, for themselves and on behalf of all members of the Settlement Class, and Defendants, by and through their respective counsel, that pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure and subject to the approval of the Court and the other conditions set forth herein, the Actions and the Released Claims shall be finally and fully settled, compromised and released, and the Actions shall be dismissed on the merits and with prejudice, as to all Settling Parties, as follows.

**1.** ***Definitions.*** The following terms, used in this Stipulation, shall have the meanings specified below:

(a) "Judgment" means the Order and Final Judgment to be entered in the Actions, substantially in the form attached as **Exhibit D** hereto.

(b) "Notice" means the notice of this Agreement that is to be made to the Settlement Class (as defined in paragraph 1(d)) and to be posted on the website of Plaintiff's Counsel substantially in the form of **Exhibit C** attached hereto or as modified pursuant to agreement of the Parties or order of the Court.

(c) "Plaintiffs' Counsel" means the law firms of Monteverde & Associates PC; Levi & Korsinsky, LLP; and Webb, Klase & Lemond, LLC.

(d) "Settlement Class" means any and all record holders and beneficial owners of common stock of ARRIS who held or owned such stock at any time during the period beginning on and including November 8, 2018, through and including the date of consummation of the Acquisition (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided, however, that the Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

(e) "Settlement Hearing" means a hearing or hearings to be held before the Court to determine (i) whether the Settlement Class should be finally certified, (ii) whether the Settlement set forth in this Stipulation should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, (iii) whether a final judgment should be entered dismissing the claims of the

Plaintiffs and members of the Settlement Class with prejudice, as required by this Stipulation and releasing claims as required by this Stipulation, (iv) whether and, if so, in what amount to award attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel pursuant to the fee application to be filed as referenced herein (if any), and (v) any objections to the Settlement and/or the fee application.

**2.** ***The Settlement.***

(a) As a direct result of the filing and prosecution of the Actions, and in consideration of the resolution of the Actions, this Stipulation, the settlement and dismissal with prejudice of the Actions, and the releases contemplated by this Stipulation, Defendants agreed to and ARRIS did make the Supplemental Disclosures.

(b) Plaintiffs and their counsel believe, based on the information available to them, that the Proxy, with the addition of the Supplemental Disclosures, is adequate so that ARRIS stockholders were able to make an informed decision regarding whether to vote for or against the Acquisition.

(c) Subject to the terms of paragraph 12 below, ARRIS (or its successor and/or its insurer(s)) has agreed to pay Plaintiffs' Counsel an amount not to exceed $437,500 in the aggregate for all of their fees and expenses, subject to Court approval.

**3.** ***Notice of Settlement Hearing.*** As soon as practicable after this Stipulation has been executed, Plaintiff shall submit the Stipulation together with its exhibits to the Court and shall file a motion for Preliminary Approval of the Settlement and apply for entry of a Preliminary Approval Order, substantially in the form of **Exhibit B** ("Preliminary Approval Order"), providing for, among other things:

(a) for purposes of the proposed Settlement only, preliminarily find and determine that the Actions may proceed as a non-opt-out class action pursuant to Federal Rule of Civil Procedure 23, defined as the Settlement Class;

(b) preliminarily approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class;

(c) schedule the Settlement Hearing;

(d) direct that notice, in the manner specified in paragraph 3(f) below, be given to the Settlement Class of the pendency of the Actions, the existence of the Settlement and a summary of its terms, the preliminary certification of the Settlement Class for settlement purposes, the appointment of the co-lead Plaintiffs and Plaintiffs' Counsel to represent the Settlement Class, the preliminary approval of the Settlement, the Settlement Hearing, and the right of each member of the Settlement Class to object to or otherwise be heard on the subject of the Settlement;

(e) approve the form and manner of dissemination of the Notice to members of the Settlement Class of the Settlement Hearing;

(f) direct that ARRIS (or its successor, assigns, and/or insurer(s)) mail or cause to be mailed the Notice, by first-class, postage prepaid, U.S. mail, to the last known address appearing in the stock transfer records maintained by or on behalf of ARRIS of those shareholders of record of ARRIS who are members of the Settlement Class and who are reasonably identifiable, with such mailing to occur at least sixty (60) calendar days before the date of the Final Settlement Hearing. All shareholders of record in the Settlement Class who were not also the beneficial owners of the shares of ARRIS stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. ARRIS or its successor entity shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners. ARRIS (or its successor(s) in interest or insurer(s)) shall pay all reasonable costs and expenses incurred in providing such notice. Plaintiffs' Counsel will post the Notice on their own websites at least sixty (60) calendar days before the date of the Settlement Hearing, at Plaintiffs' expense;

(g) direct that, prior to the Settlement Hearing, ARRIS (or its successor, assigns, and/or insurer(s)) shall cause to be filed with the Court an appropriate affidavit or declaration with respect to the preparation and mailing of the Notice, and that Plaintiffs' Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to posting the Notice on their own websites;

(h) find that notice pursuant to paragraph 3(f) above constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23;

(i) provide that any objections by members of the Settlement Class to the Settlement reflected in this Stipulation, including any award of attorneys' fees and expenses, shall be heard at the Settlement Hearing, and any papers submitted in support of said objections shall be received and considered by the Court in connection with the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise), only if persons making objections file with the Court, and serve upon Plaintiffs' Counsel and counsel for Defendants, on or before the date set by the Court (such date to be at least twenty-one (21) calendar days before the Settlement

Hearing), written notice of their intent to appear at the Settlement Hearing and copies of all materials they ask the Court to consider in connection with issues to be addressed at the Settlement Hearing;

(j) provide that notices and papers pursuant to paragraph 3(h) above shall be deemed filed on the date they are hand delivered or received by the Court via first-class, postage prepaid, U.S. mail to:

Clerk of Court
U.S. District Court for the Northern District of Georgia,
Atlanta Division
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309

and shall be deemed served on the date they are hand delivered or mailed, first-class, postage prepaid, to Plaintiffs' Counsel and Defendants' respective counsel as specified in the Preliminary Approval Order;

(k) provide that, from the date of the Preliminary Approval Order until the Court determines whether a final judgment should be entered in accordance with paragraph 11 below, Plaintiffs and all members of the Settlement Class, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims (as defined herein), either directly,

representatively, derivatively, or in any other capacity, against any Released Party (as defined herein); and

(l) provide that the Settlement Hearing may, from time to time and without further notice to members of the Settlement Class, be continued or adjourned by order of the Court without further notice of any kind other than announcement at the Settlement Hearing or at any later hearing.

**4.** ***CAFA Notice.*** No later than ten (10) calendar days following the filing of this Stipulation with the Court, ARRIS (or its successor or assigns) shall serve or cause to be served upon the appropriate State official of each State in which a member of the Settlement Class resides and the Attorney General of the United States a notice of the proposed settlement (the "CAFA Notice") in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). ARRIS or its successor, assigns, and/or insurer(s), and/or the insurer(s) of the Individual Defendants, are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice. Prior to the Settlement Hearing, ARRIS (or its successor or assigns) shall cause to be served on Plaintiffs' Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

**5.** ***Releases.***

(a) Upon the Effective Date, Plaintiffs and each of the members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have finally, fully, and completely discharged, dismissed with prejudice on the merits, and settled and released all claims of every nature and description whatsoever, against any of the Released Parties (as defined below), that have been or could have been asserted in any forum, court, tribunal, or proceeding, including, but not limited to any claims arising under federal, state, or common law, the federal securities laws, and any state disclosure law, by or on behalf of the Plaintiffs or any member of the Settlement Class in his, her, or its capacity as an ARRIS stockholder (the "Releasing Persons"), related to any disclosures (or lack thereof) to ARRIS's stockholders concerning the Acquisition, Acquisition Agreement, the Preliminary Proxy, Proxy, Supplemental Disclosures, or Acquisition Consideration and any fiduciary duty claims concerning the decision to enter into the Acquisition or Acquisition Agreement, in any form, including individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, whether state or federal, common law or statutory, including, without limitation, claims under the federal securities laws (the "Released Claims"); provided, however, for the avoidance of doubt, the Released Claims shall not include (i) the right to enforce the Settlement; and/or (ii) any claims under the federal securities laws that do not arise

out of, or relate to, the Acquisition, Acquisition Agreement, the Preliminary Proxy, Proxy, and Supplemental Disclosures, the transactions contemplated thereby, or any statements or other disclosures made in connection therewith.

(b) Whether or not each or all of the following persons or entities were served with process, or appeared in the Actions or the *Kent* Action, that "Released Parties" means every entity or natural person named as a defendant in the complaints in any of the Actions or the *Kent* Action, including ARRIS, Robert J. Stanzione, Bruce McClelland, Andrew W. Barron, J. Timothy Bryan, James A. Chiddix, Andrew T. Heller, Jeong Kim, Barton Y. Shigemura, Doreen A. Toben, Debora J. Wilson, David A. Woodle, and CommScope, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion,

underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were named or appeared in any of the Actions or in the *Kent* Action.

(c) Defendants release Plaintiffs and Plaintiffs' Counsel from all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions, and shall be barred from asserting same; provided, however, that such releases will not include a release of the right to enforce the Settlement or any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

(d) That the releases contemplated herein extend to, and Plaintiffs (on behalf of themselves and the members of the Settlement Class) and Defendants will be deemed to waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the release set forth above. This shall include a waiver by the Releasing Parties of any rights pursuant to Section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT**

**KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

(e) As of the Effective Date and upon final approval of the Settlement, each member of the Settlement Class covenants not to sue, and each member of the Settlement Class shall be barred from suing, any Defendant or any other Released Party for any Released Claim.

**6. *Stay of Proceedings.***

(a) The Actions were administratively terminated on January 23, 2019. All proceedings in the Actions, except for Settlement-related proceedings, otherwise shall be stayed until the Court rules upon a motion for final approval of the Settlement.

(b) Plaintiffs agree not to initiate, assert, commence, prosecute, assist, instigate, continue, or in any way participate in any other proceedings in any

forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Released Claims against any of the Released Parties, other than those that are incident to the Settlement itself.

(c) The Settling Parties agree to use their best efforts to prevent, stay, seek dismissal with prejudice (or a stay in contemplation of dismissal with prejudice, following the Effective Date) thereof, or oppose entry of any interim or final relief in favor of any member of the Settlement Class in any other proceeding against any of the Settling Parties and/or their successors or assigns that challenges the Settlement, Acquisition, the Acquisition Agreement, the Proxy, the Supplemental Disclosures, or otherwise involves a Released Claim.

**7.** ***No Admission of Liability.***

(a) Defendants have denied, and continue to deny, that they have committed any breach or violation of law, including the federal securities laws, or engaged in any of the wrongful acts alleged in the Actions, and that any additional disclosures (including the Supplemental Disclosures) are required under any applicable rule, regulation, statute, or law or are material as a matter of law; and Defendants expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties, to the extent such duties exist. The provisions contained in this Stipulation and all negotiations, discussions, and proceedings in

connection with this Stipulation shall not be deemed a presumption, concession, or admission by any Defendant of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Actions, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person against any Defendant in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided for expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment. Nor shall the provisions contained in this Stipulation be deemed a presumption, concession, or admission by any Plaintiffs concerning the merits, or lack thereof, of any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, or that any of the Supplemental Disclosures are not material.

(b) Plaintiffs' Counsel believe that Plaintiffs' claims have merit based on proceedings to date, but Plaintiffs' Counsel acknowledge that Defendants would continue to assert legal and factual defenses to the claims made in the Actions. Plaintiffs' Counsel have concluded that the Supplemental Disclosures provided

ARRIS's stockholders with material information that cured the alleged disclosure deficiencies, misstatements, and/or omissions forming the basis for the claims in the Actions, and permitted ARRIS's stockholders to make a materially fully informed decision with respect to the Acquisition and eliminated any need for expedited or injunctive relief as sought in the Actions and any motions, and entry by Plaintiffs into the Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Actions. Plaintiffs' Counsel have concluded that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and that it is reasonable to pursue the Settlement based upon the terms and procedures outlined herein.

(c) Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed evidence of, an admission or concession by any of the undersigned parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any undersigned party in any court, administrative agency, arbitral forum, or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

**8.** ***Effective Date of Settlement.*** The Settlement contemplated by this Stipulation shall be deemed effective on the date on which the judgment entered pursuant to the Judgment shall be deemed "Final" (the "Effective Date"). The judgment entered pursuant to the Judgment shall be deemed "Final" on the date upon which the judgment is no longer subject to any further appeal or judicial reconsideration or review, whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise. Thus, "Final" means, without limitation, the date of expiration of the time for the filing or noticing of any appeal from, or other request for judicial reconsideration or review of, the judgment entered pursuant to the Judgment, without any appeal or other request for judicial reconsideration or review having been filed or noticed; or, if an appeal or other request for further judicial review of the judgment entered pursuant to the Judgment is timely filed or noticed, the date on which all appellate and/or other judicial proceedings resulting from such filing(s) or notice(s) have been finally terminated, and the judgment entered pursuant to the Judgment substantially in the form attached as Exhibit D hereto is effective without the possibility of further review by any court; provided, however, and notwithstanding any provision to the contrary in this Stipulation, the pendency of any appeal or judicial reconsideration or review related

to the approval of any attorneys' fees and expenses, as addressed in paragraph 12, shall not be considered in determining the Effective Date.

**9.** ***Effect of Court Disapproval.*** The Settlement shall not be legally binding upon any party unless and until this Stipulation is executed. The Settlement shall be subject to the approval of the Court and any appeals that may be taken with respect to such approval. Should this Stipulation not be consummated in accordance with the terms described herein, the Settlement shall be null and void and of no force and effect, and shall not be deemed to prejudice in any way the position of any party with respect to the Actions. In such event, and consistent with the applicable evidentiary rules, neither the existence of this Stipulation and the MOU nor their contents shall be admissible in evidence or shall be referred to for any purpose in the Actions or in any other proceeding. Further, in such event, (a) the Settling Parties shall be restored to their respective positions as they initially existed, and this Stipulation and all negotiations, transactions, and proceedings in connection herewith shall not be deemed to prejudice in any way their respective positions, and (b) the conditional certification of the Settlement Class as provided for herein shall be vacated and of no further force and effect with respect to Defendants, and Defendants shall not be precluded from challenging whether the case may proceed as a class action.

**10.** ***Effect of Certain Future Events on Stipulation*.**

(a) If any action that would be barred by the releases contemplated by this Stipulation is commenced, prosecuted, continued, or instigated, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties in any court prior to the Effective Date, and if a motion to dismiss such action has not yet been granted, or a motion to stay such action has not yet been granted in contemplation of dismissal after the Effective Date, then all or any of the Defendants, at his, her, its, or their sole option, prior to the Effective Date, may withdraw from this Stipulation; provided, however, that such Defendant has first given five (5) business days' written notice via email to each of the counsel listed below. Within that five (5) business day period, counsel may attempt to cause dismissal of the action asserting any of the Released Claims. If counsel succeeds in obtaining dismissal of the action asserting the Released Claims within the five (5) business day period, then any termination or cancellation by such Defendant shall be deemed a nullity. In order to constitute dismissal for purposes of this paragraph, an appropriate notice of dismissal, or motion to stay such action in contemplation of dismissal after the Effective Date, must have been filed with the proper court, and dismissal with prejudice, or an order granting a motion to stay such action in

contemplation of dismissal after the Effective Date, must have been entered. This Stipulation shall remain binding as to any Defendant not so withdrawing.

(b) If a Defendant elects to withdraw from this Stipulation pursuant to this paragraph 10, then (i) such Defendant and Plaintiffs shall be restored to their respective positions as to each other as they existed prior to execution of the MOU, and neither the MOU, this Stipulation nor any negotiations, transactions, and proceedings in connection herewith shall be deemed to prejudice in any way their respective positions as to each other and, as to each other, the Actions shall be deemed to revert to its status as of the date and time immediately prior to the execution of the MOU; (ii) neither the MOU, the provisions contained in this Stipulation nor any negotiations, discussions and proceedings in connection with this Stipulation shall be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, nor shall any of them be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used as to such Defendant by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative; (iii) such Defendant shall not be obligated to pay any of the fees or expenses as provided for herein (other than, if already incurred, the notice

costs addressed in paragraphs 3 and 4 above); and (iv) the conditional certification of the Settlement Class as provided for herein shall be vacated and of no further force and effect with respect to such Defendant, and such Defendant shall not be precluded from opposing certification of any class in future proceedings. If any Defendant withdraws from the Settlement or otherwise exercises rights set forth in paragraph 10(a) above or in this paragraph 10(b), Plaintiffs' Counsel reserves the right to apply for an award of attorneys' fees and expenses, and Defendants reserve the right to oppose such an application for attorneys' fees and expenses.

**11.** ***Order and Final Judgment.*** At the Settlement Hearing set by the Court, the Settling Parties shall ask the Court immediately to enter the Judgment substantially in the form attached as Exhibit D hereto. The Judgment shall specifically include provisions that:

(a) approve the Settlement set forth in this Stipulation as fair, reasonable, adequate, and in the best interests of the Settlement Class and direct consummation of the Settlement in accordance with the terms and provisions of this Stipulation;

(b) dismissal of the Actions with prejudice on the merits as to all members of the Class (including Plaintiffs) without the award of any damages, costs,

or fees or the grant of further relief, except for such award of fees and expenses that the Court may make pursuant to this Stipulation;

(c) adjudge that Plaintiffs and each member of the Settlement Class shall conclusively be deemed bound by the Release contained in paragraph 5 above, and permanently barring, among other things, all Released Claims (as defined herein) against any of the Released Parties (as defined herein), that have been or could have been asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, or common law, including the federal securities laws and any state disclosure law), by or on behalf of any of the Releasing Persons (as defined herein);

(d) Defendants release Plaintiffs and Plaintiffs' Counsel from all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions, and shall be barred from asserting same; provided, however, that such releases will not include a release of the right to enforce the Settlement or any claims or rights of any Defendant against its insurers or insurers' successors or assignees;

(e) adjudge that the notice previously given to the members of the Settlement Class pursuant to paragraph 3(f) above constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the

Actions, the Settlement, and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23;

(f) adjudge that Defendants have complied in all respects with CAFA; and

(g) retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Stipulation and the Settlement.

**12. *Plaintiffs' Counsel's Attorneys' Fees and Expenses.***

(a) At the Settlement Hearing, Plaintiffs' Counsel intends to seek an award of attorneys' fees, costs, and expenses to be paid by ARRIS or its successor and/or their insurer(s) and/or the insurer(s) of the Individual Defendants for the efforts of Plaintiffs' Counsel in filing, prosecuting, and settling the Actions in an amount not to exceed $437,500 ("Fee and Expense Award"). Plaintiffs' Counsel will file their application for attorneys' fees and reimbursement of expenses thirty (30) calendar days prior to the date of the Settlement Hearing. Provided that Plaintiffs' Counsel do not seek a Fee and Expense Award in excess of $437,500 Defendants agree that they shall not oppose the application. Plaintiffs' Counsel agree not to seek an award of fees in any other court in connection with the Actions and the

Settlement. No other attorneys except for Plaintiffs' Counsel may seek an award for fees in connection with the Released Claims. Plaintiffs' Counsel warrant that no portion of any such fees and expenses shall be paid to any Plaintiff or to any member of the Settlement Class, except as approved by the Court.

(b) If the Court awards attorneys' fees and expenses in an amount less than $437,500, ARRIS (or its assigns or successor(s) in interest, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants), on behalf of Defendants, is required to pay only the amount ordered by the Court. The Plaintiffs further agree that if the Court awards attorneys' fees and expenses in an amount greater than $437,500, Plaintiffs and their counsel agree to take no action of any kind to collect, and expressly waive any right to collect, any amount in excess of $437,500 from ARRIS (or its successors and/or its insurer(s)).

(c) Final resolution by the Court of the amount of fees and expenses to be paid to Plaintiffs' Counsel shall not be a condition to the Settlement or entry of the Order and Final Judgment. Any failure by the Court to approve any amount of fees or any request for attorneys' fees and expenses in whole or in part shall not affect the validity, finality, or effectiveness of the Settlement.

(d) ARRIS (or its assigns or successor(s) in interest, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants) shall pay, pursuant to

written instructions provided jointly by Plaintiffs' Counsel, the fees and expenses awarded to Plaintiffs' Counsel, on behalf of all Defendants, within ten (10) days after the later of (a) the Court's Final Approval of the Settlement, or (b) receipt of written payment instructions from Plaintiffs' Counsel. Plaintiffs' Counsel shall be jointly and severally responsible to refund to ARRIS (or its successor and/or its insurers(s)) all amounts paid and all interest accrued or accumulated thereon within twenty (20) days, the amounts received and any interest accrued or accumulated thereon, if and to the extent that, as a result of any appeal, or successful collateral proceeding, the fee or expense award is reduced or reversed or if the award order does not become final, if the Settlement itself is voided by any Party as provided herein, or if the approval of the Settlement is later reversed by any court. Plaintiffs' Counsel, as a condition of receiving such fees, costs and expenses, agrees that all firms representing Plaintiffs and those firms' partners are subject to the jurisdiction of the Court for the purposes of enforcing this paragraph.

(e) Plaintiffs' Counsel, jointly and in their sole discretion, shall determine the allocation of any attorneys' fees, costs, and expenses approved by the Court and paid by Defendants. Defendants shall have no responsibility for, and no liability with respect to, the allocation or distribution of attorneys' fees, costs, or

expenses among Plaintiffs' Counsel or any other person who may assert any claim thereto.

(f) Except as provided in this paragraph 12, the Released Parties shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiffs in the Actions or by or for any of their attorneys, experts, advisors, agents, or representatives.

(g) In the event that the Settlement is not finalized despite good faith efforts by the Settling Parties, Plaintiffs reserve the right to pursue a mootness fee application in connection with the Supplemental Disclosures, and Defendants reserve the right to oppose any such mootness fee application. Except as set forth above, each of the Settling Parties and/or their successors or assigns reserves any and all arguments and defenses with regard to any fee request, including appeal rights.

**13.** ***Plaintiffs' Representation.*** Each Plaintiff, through his duly authorized counsel, represents that (i) he has agreed to serve as representative of the Settlement Class to be certified herein, (ii) he has consulted with Plaintiffs' Counsel about the Actions, this Stipulation, and the obligations of a representative of the Settlement Class, and (iii) he approves of and has authorized Plaintiffs' Counsel to enter into this Stipulation. Each Plaintiff further represents that he will not seek any incentive

or other fee related to his involvement in the Actions. Plaintiffs expressly authorize Plaintiffs' Counsel to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms, and also expressly authorize Plaintiffs' Counsel to enter into such modifications or amendments to this Stipulation on behalf of Plaintiffs and the Settlement Class as Plaintiffs' Counsel may deem appropriate and that do not materially prejudice the rights of Plaintiffs or the other members of the Settlement Class.

**14.** ***Non-Assignment of Claims.*** Plaintiffs and their counsel represent and warrant that (i) each Plaintiff was an ARRIS stockholder at all relevant times, and (ii) none of Plaintiffs' claims or causes of action referred to in the Actions or this Stipulation or in connection with the Settlement, or any claims Plaintiffs could have alleged, have been assigned, encumbered, or in any manner transferred in whole or in part.

**15.** ***Entire Agreement; Admissibility.*** This Stipulation and its exhibits constitute the entire agreement among the Settling Parties with respect to the subject matter hereof, and may not be amended nor any of its provisions waived except by a writing signed by all of the Settling Parties hereto. All agreements, covenants, representations, and warranties, express or implied, oral or written, of the Settling Parties concerning the subject matter of this Stipulation are contained herein. All

prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants, and warranties between the Settling Parties are merged herein. No Settling Party is relying upon any statement or representation not specified in this Stipulation. This Stipulation shall not be admissible in evidence except to enforce its terms.

**16.** ***Governing Law.*** This Stipulation and the Settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the State of Georgia without regard to any state's principles governing choice of law.

**17.** ***Jurisdiction and Venue.*** Each of the Settling Parties hereto irrevocably and unconditionally submits to and accepts the exclusive jurisdiction of the Court for any action, suit, or proceeding arising out of or relating in any way to the Stipulation and its Exhibits, the Settlement, or any matter relating to them, and waives any objection that it may have to the laying of venue in the Court or that the Court is an inconvenient forum or does not have personal jurisdiction. Without affecting the finality of the Settlement, the Court shall retain jurisdiction for purposes, among other things, of administering the Settlement and resolving any disputes hereunder.

**18.** ***Mistake.*** In entering into this Settlement, Plaintiffs assume the risk of any mistake of fact or law if Plaintiffs should later discover that any fact they relied

upon in entering into this Settlement is not true, or that their understanding of the facts or law was incorrect. In such event, Plaintiffs shall not be entitled to seek rescission of this Settlement, or otherwise attack the validity of the Settlement, based on any such mistake. This Settlement is intended to be final and binding upon Plaintiffs regardless of any mistake of fact or law.

**19.** ***Modifications Only in Writing.*** This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a written instrument signed by all of the signatories hereto or their successors in interest.

**20.** ***Waiver of Breach.*** The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver, by that party or by any other undersigned party, of any other prior or subsequent breach of this Stipulation. Moreover, any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.

**21.** ***Binding on Successors.*** This Stipulation shall be binding upon and inure to the benefit of the Settling Parties and their respective agents, executors, heirs, legal representatives, successors, and assigns.

**22.** ***Third-Party Beneficiaries.*** The Released Parties who are not Settling Parties hereto shall be third-party beneficiaries under this Stipulation entitled to enforce this Stipulation in accordance with its terms.

**23.** ***Legal Representation.*** The Settling Parties acknowledge that they have been represented by qualified legal counsel both in connection with the Actions and in connection with the negotiation, drafting, and execution of this Stipulation. Accordingly, the language used in this Stipulation will be deemed to be language chosen by all Settling Parties hereto to express their mutual intent, and no rule of strict construction against any Party hereto will apply to any term or condition of this Stipulation.

**24.** ***Execution by Counsel.*** This Stipulation may be executed by Plaintiffs' Counsel, on their own behalf and on behalf of Plaintiffs and the Settlement Class, and by Defendants' counsel, on behalf of Defendants. By executing this Stipulation, each undersigned counsel expressly represents and warrants that he or she is authorized and empowered to execute this Stipulation on behalf of his or her stated client(s), that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel, and that each such counsel has read this Stipulation and each exhibit hereto.

**25.** ***Compliance with Rule 11***. All Settling Parties and their respective counsel in the Actions complied with the provisions of Federal Rule of Civil Procedure 11 with respect thereto.

**26.** ***Cooperation.*** The parties to this Stipulation and their respective counsel agree to cooperate fully with one another in seeking Court approval of the Settlement and in the execution of such documents as are reasonably necessary and appropriate to obtain approval of and to implement this Stipulation, to use commercially reasonable efforts to perform all terms of this Stipulation, and to use their best efforts to have any collateral attack upon this Stipulation or the Settlement promptly dismissed or rejected.

**27.** ***Severability.*** If any provision or provisions of this Stipulation shall be held to be invalid, illegal, unenforceable, or in conflict with the laws of the State of Georgia, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**28.** ***Survival.*** To the extent permitted by law, all agreements made and orders entered during the course of the Actions relating to the confidentiality of documents or information shall survive this Stipulation.

**29.** ***Execution by Counterparts.*** This Stipulation may be executed in any number of actual, telecopied, or electronically distributed counterparts and by each

of the different Parties on several counterparts, each of which when so executed and delivered will be an original. The executed signature page(s) from each actual, telecopied, or electronically-distributed counterpart may be joined together and attached and will constitute one and the same instrument.

**30.** ***Exhibits Incorporated by Reference.*** Each and every exhibit to this Stipulation is incorporated herein by reference as though fully set forth herein.

**31.** ***Headings.*** The headings in this Stipulation are solely for the convenience of the Settling Parties, their counsel, and the Court. The headings shall not be deemed to be a part of this Stipulation and shall not be considered in construing or interpreting this Stipulation.

IN WITNESS WHEREOF, the undersigned have executed this Stipulation effective as of December 9, 2019.

[*Signatures on Following Page*]

***Attorneys for Plaintiffs:***

________________________________
E. Adam Webb, GA Bar No. 743910
Matthew C. Klase, GA Bar No. 141903
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E. Suite 480
Atlanta, Georgia 30339
Tel: (770) 444-0773
Fax: (770) 217-9950
Adam@WebbLLC.com
Matt@WebbLLC.com

________________________________
Juan E. Monteverde
**MONTEVERDE & ASSOCIATES PC**
The Empire State Building
350 Fifth Avenue
New York, New York 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff Louise Agnes-Sampson*

________________________________
Donald J. Enright
Elizabeth K. Tripodi
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
denright@zlk.com
etripodi@zlk.com

*Attorneys for Plaintiff Aleksandr Uzun*

***Attorneys for Defendants:***

______________________________

J. Timothy Mast, GA Bar No. 476199
Mary M. Weeks, GA Bar No. 559181
TROUTMAN SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
Fax: (404) 962-6796
tim.mast@troutman.com
mary.weeks@troutman.com

*Attorneys for Plaintiffs:*

E. Adam Webb, GA Bar No. 743910
Matthew C. Klase, GA Bar No. 141903
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E. Suite 480
Atlanta, Georgia 30339
Tel: (770) 444-0773
Fax: (770) 217-9950
Adam@WebbLLC.com
Matt@WebbLLC.com

Juan E. Monteverde
**MONTEVERDE & ASSOCIATES PC**
The Empire State Building
350 Fifth Avenue
New York, New York 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff Louise Agnes-Sampson*

Donald J. Enright
Elizabeth K. Tripodi
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
denright@zlk.com
etripodi@zlk.com

*Attorneys for Plaintiff Aleksandr Uzun*

***Attorneys for Plaintiffs:***

E. Adam Webb, GA Bar No. 743910
Matthew C. Klase, GA Bar No. 141903
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E. Suite 480
Atlanta, Georgia 30339
Tel: (770) 444-0773
Fax: (770) 217-9950
Adam@WebbLLC.com
Matt@WebbLLC.com

Juan E. Monteverde
**MONTEVERDE & ASSOCIATES PC**
The Empire State Building
350 Fifth Avenue
New York, New York 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff Louise Agnes-Sampson*

Donald J. Enright
Elizabeth K. Tripodi
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
denright@zlk.com
etripodi@zlk.com

*Attorneys for Plaintiff Aleksandr Uzun*

***Attorneys for Defendants:***

J. Timothy Mast, GA Bar No. 476199
Mary M. Weeks, GA Bar No. 559181
TROUTMAN SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
Fax: (404) 962-6796
tim.mast@troutman.com
mary.weeks@troutman.com