# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ALEKSANDR UZUN, <br><br> Plaintiff, <br><br> -against- <br><br> ARRIS INTERNATIONAL, PLC, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BRUCE MCCLELLAND, BARTON Y. SHIGEMURA, ROBERT J. STANZIONE, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE, <br><br> Defendants. | Case No.  18-CV-05555-WMR |
| LOUISE AGNES-SAMPSON, <br><br> Plaintiff, <br><br> -against- <br><br> ARRIS INTERNATIONAL, PLC, ROBERT J. STANZIONE, BRUCE MCCLELLAND, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BARTON Y. SHIGEMURA, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE, <br><br> Defendants. | Case No.  19-cv-00243-WMR |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

Plaintiffs in the above-captioned Actions[1] have applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed settlement (the "Settlement") in accordance with the Stipulation of Settlement entered into by the Parties dated as of December 4, 2019 (the "Stipulation"), upon the terms and conditions set forth in the Stipulation. The Stipulation (a copy of which has been filed with the Court) contemplates, among other things, certification by the Court of a class in the Action, solely for purposes of the Settlement.

**NOW,** this Court has considered the Stipulation and the exhibits annexed thereto and the arguments and other submissions of the Parties, having considered all of the files, records, and pleadings in the Actions, and being otherwise fully advised;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.          Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily approves the Settlement set forth in the Stipulation as fair,

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

reasonable, adequate and in the best interests of the Settlement Class and ARRIS in its capacity as Defendant.  **(Note: The Court has concerns that the amount of the proposed attorney's fees might be excessive, such issue which will be addressed in the final hearing in this case.)**

2.           For purposes of the Settlement only, the Court preliminarily finds and determines that the Actions may proceed as a non-opt-out class action pursuant to Rules 23(a), 23(b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of any and all record holders and beneficial owners of common stock of ARRIS who held or owned such stock at any time during the period beginning on and including November 8, 2018, through and including the date of consummation of the Acquisition (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"), but excluding Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

3.      The Court preliminarily finds and determines that Plaintiffs and the law firms of Monteverde & Associates PC; Levi & Korsinsky, LLP; and Webb, Klase & Lemond, LLC (collectively "Plaintiffs' Counsel") will fairly and adequately represent the interest of the Settlement Class in enforcing their rights in the Actions.

4.      The Court preliminarily concludes, based on the information submitted to date, that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Actions can properly be maintained for settlement purposes according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, the Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

**5.**      A hearing (the "Settlement Hearing") shall be held on Wednesday, April 22, 2020 at 9:30 a.m. in the United States District Court for

Northern District of Georgia, Atlanta Division, at the Richard B. Russell Federal

Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta,

Georgia 30303, Courtroom 1705, to determine (i) whether the Settlement Class

should be finally certified, (ii) whether the Settlement set forth in the Stipulation

should be finally approved as fair, reasonable, adequate, and in the best interests of

the Settlement Class, (iii) whether a final judgment should be entered dismissing

the claims of the Plaintiffs and members of the Settlement Class with prejudice, as

required by the Stipulation and releasing claims as required by the Stipulation,

(iv) whether and, if so, in what amount to award attorneys' fees and reimbursement

of expenses to Plaintiffs' Counsel pursuant to the fee application to be filed as

referenced herein (if any), and (v) any objections to the Settlement and/or the fee

application.

6.        Having reviewed the form and content of the proposed form of

Notice submitted by the parties as Exhibit C to the Stipulation, the Court hereby

approves such Notice and directs that ARRIS (or its successor, assigns, and/or

insurer(s)) mail or cause to be mailed the Notice, by first-class, postage prepaid,

U.S. mail, to the last known address appearing in the stock transfer records

maintained by or on behalf of ARRIS of those shareholders of record of ARRIS

who are members of the Settlement Class and who are reasonably identifiable, with

such mailing to occur at least sixty (60) calendar days before the date of the Final Settlement Hearing. All shareholders of record in the Settlement Class who were not also the beneficial owners of the shares of ARRIS stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. ARRIS or its successor entity shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners ARRIS (or its successor(s) in interest or insurer(s)) shall pay all reasonable costs and expenses incurred in providing such notice. The Court further directs that Plaintiffs' Counsel post the Notice on their own websites at least sixty (60) calendar days before the date of the Settlement Hearing, at the sole expense of Plaintiffs and/or Plaintiffs' Counsel.

7.      The Court finds and determines that mailing and posting to Plaintiffs' Counsel's websites the Notice pursuant to paragraph 6 above constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.

8.        At least fourteen (14) calendar days prior to the Settlement Hearing, ARRIS (or its successor, assigns, and/or insurer(s)) shall cause an affidavit or declaration to be filed with the Court and served on Plaintiffs' Counsel certifying the preparation and mailing of the Notice as directed in this Preliminary Approval Order, and Plaintiffs' Counsel shall likewise cause an affidavit or declaration to be filed with the Court certifying the posting of the Notice to their websites.

9.        ARRIS (or its successors or assigns) shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate State official of each State in which a Member of the Settlement Class resides and the Attorney General of the United States a notice of the proposed settlement (the "CAFA Notice") in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). ARRIS or its successors, assigns, and/or insurer(s) of the Individual Defendants are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice. Not later than seven (7) calendar days after service of the CAFA Notice, ARRIS (or its successors or assigns) shall cause to be served on Plaintiffs' Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

10.      All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record at least thirty (30) calendar days prior to the Settlement Hearing. All papers in support of any requested award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel (a "Fee Application") also shall be filed with the Court and served upon counsel of record at least thirty (30) calendar days prior to the Settlement Hearing. The Parties shall file with the Court and serve responses to any objections filed pursuant to Paragraph 11 below at least seven (7) calendar days prior to the Settlement Hearing.

11.      Any member of the Settlement Class who wishes to object to the Settlement and/or the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, or to appear at the Settlement Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file a written objection and notice of intention to appear at the Settlement Hearing and copies of any papers they ask the Court to consider in connection with issues to be addressed at the Settlement Hearing. Such objections and notice of intention to appear must: (i) be addressed to the Clerk of Court; (ii) refer to the Actions, *Uzun v. Arris International plc et al.*, Case No.

1:18-cv-05555 and *Agnes-Sampson v. ARRIS International plc, et al.*, Case No. 19-cv-00243-WMR; (iii) provide proof of membership in the Settlement Class; (iv) provide a detailed summary of his, her or its objections to any matter before the Court; and (v) be filed with, and received by, the Clerk of Court at least twenty-one (21) calendar days prior to the date of the Settlement Hearing by hand delivery or first class mail, postage prepaid, at:

> Clerk of Court
> U.S. District Court for the Northern District of Georgia, Atlanta Division
> Richard B. Russell Federal Building
> 2211 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303-3309

Any such submission must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefore and must include all documents and other writings such person wishes the Court to consider. Copies of any such submission and all included materials also must be served upon the following counsel by hand delivery or first class mail, postage prepaid, on or before that same date:

E. Adam Webb
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, GA 30339
Tel:   (770) 444-0773
Fax:  (770) 217-9950
Adam@WebbLLC.com

Juan E. Monteverde
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue
New York, NY 10118
Tel:   (212) 971-1341
Fax:  (212) 202-7880
jmonteverde@monteverdelaw.com


Donald J. Enright
LEVI & KORSINSKY, LLP
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel:   (202) 524-4290
Fax:  (202) 337-1567
denright@zlk.com

*Plaintiffs' Counsel*

and

J. Timothy Mast
TROUTMAN SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, GA 30308
Tel:  (404) 885-3000
Fax:  (404) 962-6796
tim.mast@troutman.com


*Attorneys for Defendants*

12.       No person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, or to any award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice and the terms of this Preliminary Approval Order. Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Order and Final Judgment, and the Fee and Expense Award; (ii) barred from raising such objection in the Actions or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims therein.

13.       From the date of this Preliminary Approval Order until the Court enters its order determining whether a final judgment should be entered on the terms required by the Stipulation, the Plaintiffs and all members of the Settlement Class, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

14.     All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

15.     If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered in the form attached as Exhibit D to the Stipulation.

16.     Upon entry of final judgment after the Settlement Hearing, the Plaintiffs and all members of the Settlement Class shall be forever barred from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

17.     If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any Final Judgment entered herein) shall be terminated and shall become void and of no further force and effect except for the Company's obligation to pay for any

expense incurred in connection with mailing the Notice and serving the CAFA Notice, and the Actions shall proceed without prejudice to any party as to any matter of law or fact, as if the MOU had not been entered into and the Stipulation had not been made and had not been submitted to the Court. Nevertheless, in such event, Plaintiffs' Counsel have reserved the right to apply for an award of attorneys' fees, costs, and expenses, and Defendants have reserved the right to oppose such an application.

18.      Neither the Stipulation, any provisions in the Stipulation, any document or instrument contemplated thereby, nor any negotiations, statements, or proceedings in connection therewith, shall be (i) construed as, or deemed to be evidence of, or a presumption, concession or admission on the part of Plaintiffs, any Defendant, any member of the Settlement Class, or any other person of any liability or wrongdoing by them, or any of them; or (ii) offered or received in evidence in any action or proceeding, or used in any way as a presumption, concession, admission, or evidence of any liability or wrongdoing of any nature.

19.      The Settlement Hearing may, from time to time and without further notice to members of the Settlement Class, be continued or adjourned by order of the Court without further notice of any kind other than announcement at the Settlement Hearing or at any later hearing.

20.     The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Settlement Class.

SO ORDERED this 9th day of January, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE