# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ALEKSANDR UZUN,<br><br>          Plaintiff,<br><br>     v.<br><br>ARRIS INTERNATIONAL, PLC, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BRUCE MCCLELLAND, BARTON Y. SHIGEMURA, ROBERT J. STANZIONE, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE,<br><br>          Defendants. | Case No. 18-CV-05555-WMR |
| LOUISE AGNES-SAMPSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ARRIS INTERNATIONAL, PLC, ROBERT J. STANZIONE, BRUCE MCCLELLAND, ANDREW W. BARRON, J. TIMOTHY BRYAN, JAMES A. CHIDDIX, ANDREW T. HELLER, JEONG KIM, BARTON Y. SHIGEMURA, DOREEN A. TOBEN, DEBORA J. WILSON, and DAVID A. WOODLE,<br><br>          Defendants. | Case No. 19-cv-00243-WMR |

## ORDER AND FINAL JUDGMENT

Pursuant to the Court's Order of January 9, 2020 (the "Preliminary Approval Order"), this Court (the "Court") held a hearing on May 27, 2020 (the "Settlement Hearing"), on the Stipulation of Settlement (the "Stipulation"), which was filed on December 4, 2019, in the above-captioned actions (the "Actions").  The Preliminary Approval Order and the Stipulation were unopposed or consented to by all the parties to the Actions and are incorporated by reference in this Order and Final Judgment.[1] Due notice of the Settlement Hearing was given to the Settlement Class (as defined herein) in accordance with the Preliminary Approval Order, and the Notice was adequate and sufficient.  The parties to the Actions appeared at the Settlement Hearing by their respective attorneys of record and were heard in support of the Settlement of the Actions.  All other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the Notice (as defined below).  The Court having considered all matters submitted to it at the hearing and otherwise;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

1.	The Notice of Proposed Settlement of Class Action and Hearing thereon (the "Notice") has been given to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order. Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the Action, the Settlement Class, and other persons interested in the Settlement. The Court hereby determines that the Notice constituted the best notice practicable under the circumstances and in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23. It is further determined that all members of the Settlement Class are bound by the Order and Final Judgment herein.

2.	ARRIS (or its successor or assigns) further caused to be served on the United States Attorney General and all State Attorneys General notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. ("CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3.	Based on the record in the Actions, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Actions have been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and/or 23(b)(2). Specifically, the Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4.  The Actions are hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of any and all record holders and beneficial owners of common stock of ARRIS who held or owned such stock at any time during the period beginning on and including November 8, 2018, through and including the date of consummation of the Acquisition (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"), but excluding Defendants and their immediate family

members, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

5. Further, Plaintiffs and the law firms of Monteverde & Associates PC; Levi & Korsinsky, LLP; and Webb, Klase & Lemond, LLC (collectively "Plaintiffs' Counsel") have fairly and adequately represented the interests of the Settlement Class in enforcing their rights in the Actions, and are finally certified as Settlement Class representatives and counsel, respectively.

6. The Settlement is found to be fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e).

7. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Actions.

8. The Actions and the Released Claims (as defined below) are hereby dismissed on the merits and with prejudice as to all Defendants in the Actions and against all members of the Settlement Class and, except as otherwise provided in the Stipulation and in paragraph 12 below, without the award of any damages, costs or fees, or the grant of any further relief.

9. All claims in the Actions are dismissed with prejudice against all Defendants, and Plaintiffs and each of the members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have finally, fully, and completely discharged, dismissed with prejudice on the merits, and settled and released all claims of every nature and description whatsoever, against any of the Released Parties (as defined below), that have been or could have been asserted in any forum, court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state, or common law, the federal securities laws, and any state disclosure law), by or on behalf of the Plaintiffs or any member of the Settlement Class in his, her, or its capacity as an ARRIS stockholder (the "Releasing Persons"), related to any disclosures (or lack thereof) to ARRIS's stockholders concerning the Acquisition, Acquisition Agreement, the Preliminary Proxy, Proxy, Supplemental Disclosures, or Acquisition Consideration and any fiduciary duty claims concerning the decision to enter into the Acquisition or Acquisition Agreement, in any form, including individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, whether state or federal, common law or statutory, including, without limitation, claims under the federal securities laws (the "Released Claims"); provided, however, for the avoidance of doubt, the Released Claims shall not include (i) the right to enforce the Settlement; and/or (ii) any claims

under the federal securities laws that do not arise out of, or relate to, the Acquisition, Acquisition Agreement, the Preliminary Proxy, Proxy, and Supplemental Disclosures, the transactions contemplated thereby, or any statements or other disclosures made in connection therewith.

10. For purposes of this Order and Final Judgment, whether or not each or all of the following persons or entities were served with process, or appeared in the Actions or the *Kent* Action, "Released Parties" means every entity or natural person named as a defendant in the complaints in any of the Actions or the *Kent* Action, including ARRIS, Robert J. Stanzione, Bruce McClelland, Andrew W. Barron, J. Timothy Bryan, James A. Chiddix, Andrew T. Heller, Jeong Kim, Barton Y. Shigemura, Doreen A. Toben, Debora J. Wilson, David A. Woodle, and CommScope, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-

interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were named or appeared in any of the Actions or in the *Kent* Action.

11. Defendants release Plaintiffs and Plaintiffs' Counsel from all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions, and shall be barred from asserting same; provided, however, that such releases will not include a release of the right to enforce the Settlement or any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

12. The releases contemplated herein extend to, and Plaintiffs (on behalf of themselves and the members of the Settlement Class) and Defendants will be deemed to waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the release set forth above. This shall include a waiver by the Releasing Parties of any rights pursuant to Section 1542

of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

13.  Each Plaintiff and all members of the Settlement Class, and the respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

14.     Neither the MOU, the Stipulation nor any negotiations, discussions and proceedings in connection with this Stipulation shall be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, nor shall any of them be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used as to such Defendant by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative; <u>provided, however</u>, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

15.     Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the sum of $437,500 in connection with the Actions, which sum the Court finds to be fair, reasonable, and adequate.  Such sums shall be paid pursuant to the relevant provisions of the Stipulation.  Neither Plaintiffs' Counsel nor counsel representing any plaintiff in any of the Actions shall seek an award of fees in any other court in connection with the Actions and the Settlement.

16. The binding effect of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

17. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims as to all the parties in the Actions.

18. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Stipulation and the Settlement.

19. In the event that this judgment does not become "Final" in accordance with paragraph 9 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order and Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified. In such event, the Actions shall return to their status prior to execution of the MOU.

**IT IS SO ORDERED** this 27th day of May, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE